IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:14-CR-3102 |
| vs. | TENTATIVE FINDINGS |
| HOWARD JOHN BARTA, | |
| Defendant. | |

The Court has received the presentence investigation report (PSR) in this case. The defendant has objected (filing 48) and moved for a downward departure and variance (filings 52 and 53).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    Barta has objected (filing 48) and moved for a downward departure and variance (filings 52 and 53). Barta's motion for variance will be resolved at sentencing. His objection and motion for departure require some additional discussion.

Barta has pleaded guilty to conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349. Barta was involved in a conspiracy with his co-defendant and brother-in-law, Dennis Timothy Wood, and an unknown conspirator, known to Barta and Wood only as "Smith." PSR at ¶ 44. Smith would contact a person who had advertised an item for sale on Craigslist and would agree to buy the item for a specific price. Smith would tell the seller that payment would be sent in the form of money orders payable to the seller. Then Smith would cause money orders totaling more than the sale price to be sent to the seller. Smith would contact the seller and explain that he had mistakenly sent too many money orders, and since they were already made payable to the seller, Smith could not take them back. Smith convinced the sellers to agree to deposit all of the money orders, keep the amount needed to pay for the item, and send the excess back to Smith. When the money orders were later determined to be fraudulent, the sellers would lose the amount that had been sent to Smith. PSR at ¶¶ 44–45.

Barta and Wood's role in the scheme was to mail the money orders to the victims. Smith would email the defendants the victims' names and addresses, with instructions on how many money orders to send. Smith also mailed the defendants the counterfeit money orders, typically with the victim's name and amount payable already printed. The defendants would then print envelopes, fill them with the specified number of money orders, and mail them to the victims. Smith would wire transfer about $400 a month to Barta's bank account to pay for envelopes and stamps. There was always some money left over, which Barta and Wood kept for themselves. *See* PSR at ¶¶ 44–45, 47–49.

The Guidelines in this case provide for a base offense level of 7, with graduated increases based on the amount of loss caused by the defendant. U.S.S.G. § 2B1.1(a) & (b); PSR at ¶ 55. For purposes of § 2B1.1(b), loss is calculated as the greater of the actual or intended loss. Actual loss is defined as the "reasonably foreseeable pecuniary harm that resulted from the offense." U.S.S.G. § 2B1.1 cmt. n.3(A)(i). And "reasonably foreseeable pecuniary harm" is further defined as that harm that the defendant knew, or under the circumstances, reasonably should have known, was a potential result of the offense. *Id.* cmt. n.3(A)(iii).

Intended loss, by comparison, includes any "pecuniary harm that was intended to result from the offense," including harm that was "impossible or unlikely to occur." *Id.* cmt. n.3(A)(ii). If the actual or intended loss cannot reasonably be determined, the Court may use the gain to the defendant as an alternative measure of loss. *Id.* cmt. n.3(B). Ultimately, this Court only needs to make a "reasonable estimate of the loss." *Id.* cmt. n.3(C); *see United States v. Rice*, 699 F.3d 1043, 1049 (8th Cir. 2012).

In their plea agreement, Barta and the government stipulated that "[d]uring the course of the conspiracy, a total of 49 victims sent a total of $62,011.17 to 'Smith.'" Filing 35 at 2. In other words, this was the amount of actual loss in this case. However, the probation officer determined that the much higher amount of intended loss should be used to determine Barta's offense level. The probation officer arrived at a total intended loss of $1,544,492. PSR at ¶ 47. This figure was based on the following calculations. The defendants caused 4,476 counterfeit money orders and cashier checks to be delivered, totaling $4,633,476. Smith's aim was to convince the victims to return the difference between the Craigslist item and the total value of the money orders sent. This was typically one-third to one-half of the total sent. Thus, the probation officer divided the total amount by 3, to arrive at a total intended loss of $1,544,492. PSR at ¶ 47. This results in a 16-level increase in Barta's offense level. PSR at ¶ 56; U.S.S.G. § 2B1.1(b)(1)(I).

Barta objects, arguing that the terms of the plea agreement should control. In addition to stipulating to the amount of actual loss, the parties agreed that the intended loss so far exceeded the actual loss that the actual loss should be used for all sentencing calculations. Filing 35 at 3. And they further agreed that the amount of actual loss

- 3 -

was more than $30,000 and less than $70,000, filing 35 at 3, which would result in a six-level increase in his offense level. U.S.S.G. § 2B1.1(b)(1)(D). Barta has also moved for a downward departure under U.S.S.G. § 2B1.1 cmt n.20(C). Filing 52. That comment provides that there may be cases in which the offense level determined by a strict application of § 2B1.1 would substantially overstate the seriousness of an offense, and that in such circumstances a downward departure may be warranted. U.S.S.G. § 2B1.1 cmt n.20(C).

The Court tentatively finds that such circumstances are present in this case. The actual loss is at most $62,011.17, which is only 4 percent of the intended loss as calculated in the PSR. The actual loss represents a more reasonable measure of Barta's culpability. So, the Court tentatively finds that a departure under U.S.S.G. § 2B1.1 cmt n.20(C) is warranted.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

- 4 -

- 5 -

Dated this 1st day of April, 2015.

BY THE COURT:

_____
John M. Gerrard
United States District Judge